**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-02056 AWI JLT<br><br>ORDER AFTER INFORMAL TELEPHONIC CONFERENCE RE: DISCOVERY DISPUTE<br><br>(Doc. 42) |

　　　　Plaintiff claims a Deputy Sheriff assaulted her under color of law and while he was on duty.

　　　　On November 19, 2015, the Court conducted an informal telephonic conference with counsel related to the subpoenas issued by County to Plaintiff's past employers, to a school she attended and to the Kern County Probation Department. Plaintiff contended the records are not relevant given that she is not making a wage claim. Defendants assert the records would assist their expert in developing his opinion related to Plaintiff's psychiatric injury which she claims were caused by the underlying events.

　　　　At the informal conference, counsel agreed that the records would be produced to the Court to conduct an in camera review.[1] All agreed that in the event the Court finds records that should be disclosed, it will schedule a further telephonic conference with counsel before they are provided to the

---

[1] Plaintiff may choose to have a copy of the records produced to her counsel at the same time—at her expense.

1

defense. In the event the Court finds no records that could bear on the expert's opinions, it will issue an order broadly outlining its findings and agreeing that the subpoenas should be quashed.

In advance of the Court's review, County may provide the Court a brief summary of the type of information it is seeking from the records that would assist the expert. However, if County chooses not to do this, the Court will review the records while keeping in mind County's stated purpose for obtaining them. Thus, the Court will look for records that demonstrate past emotional or psychiatric issues or which could provide a "baseline"[2] for the expert's opinions as to the extent of injury caused by the underlying events. Thus, the Court **ORDERS**:

1. <u>No later than November 23, 2015</u>, counsel **SHALL** submit a joint letter to the deposition officer and the recipients of the subpoenas, requiring the records to be gathered and produced as quickly as possible but <u>no later than December 11, 2015</u>;

2. <u>No later than November 30, 2015</u>, counsel for Defendants **MAY**, but are not required to, lodge a letter brief to the Court via email to JLTOrders@caed.uscourts.gov—copied to Plaintiff's counsel—outlining the information they are seeking from the records that would assist their expert(s);

3. If after conducting the in camera review, the Court finds no disclosable records, it will issue an order explaining its rationale for its determination;

4. If after conducting the in camera review, the Court finds disclosable records, it will schedule a telephonic conference with counsel prior to disclosure of the records.

IT IS SO ORDERED.

Dated:   **November 19, 2015**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] By this, the Court understands that if the records demonstrate past emotional or psychiatric conditions or abnormal difficulties in social interaction—regardless of the existence of a diagnosis—these records will be produced.